UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CINDY A. HARTSELL | CIVIL ACTION |
| VERSUS | NO. 19-443 |
| BP EXPLORATION & PRODUCTION, INC. ET AL. | SECTION "J" (2) |

Related to:   12-968 BELO
              in MDL 10-2179

## REPORT AND RECOMMENDATION

Cindy A. Hartsell was employed as a clean-up worker along the Florida Gulf coast, where she also lived, after the BP/Deepwater Horizon explosion and oil spill on April 20, 2010.  Complaint, Record Doc. No. 1.  Plaintiff filed her complaint pursuant to the Back-End Litigation Option ("BELO") provisions of the BP/Deepwater Horizon Medical Benefits Class Action Settlement Agreement ("Medical Settlement Agreement").  Record Doc. Nos. 6427-1 and 8218 in MDL No. 10-md-2179.  As a member of the BELO settlement class, plaintiff seeks compensatory damages and related costs for later-manifested physical conditions that she allegedly suffered as a result of exposure to substances released after the oil spill.  Record Doc. No. 1 at ¶¶ 1-3.

Defendants, BP Exploration & Production Inc. and BP America Production Company (collectively "BP"), filed a motion to dismiss plaintiff's complaint. Record Doc. No. 4. BP argues that plaintiff failed properly to file her individual BELO lawsuit by the

Medical Settlement Agreement's filing deadline and that the complaint should be dismissed with prejudice as time-barred. Plaintiff filed an untimely opposition memorandum without seeking leave of court to do so. Record Doc. No. 5. Nonetheless, the court has considered her memorandum. Defendant was permitted to file a reply. Record Doc. No. 8.

Plaintiff did not file her BELO lawsuit until January 21, 2019, seven (7) days <u>after</u> the Medical Settlement Agreement's deadline of January 14, 2019 had passed. In her opposition memorandum, plaintiff erroneously refers to the filing deadline as emanating from the court's Rule 16 case management order. Thus, she argues that the late filing should be excused because BP was not prejudiced by her late filing and that dismissal of her complaint with prejudice is too severe a sanction for this technical delay.

Having considered the parties' submissions, the record and the applicable law, I recommend that BP's motion to dismiss be GRANTED and that plaintiff's complaint be DISMISSED WITH PREJUDICE for the following reasons.

## **ANALYSIS**

The court-approved Medical Settlement Agreement is <u>not</u> a case management order. Instead, it is an unambiguous, binding contract that cannot be modified or altered without the express written consent of the Medical Benefits Class Counsel and BP's counsel. Record Doc. No. 6427-1 at § XXX(C) in 10-md-2179. The BELO lawsuit process is the

exclusive remedy for class members who did not opt out of the settlement and who seek compensation for Later-Manifested Physical Conditions, as defined in the agreement. Id. at § II(VV).

As a condition precedent to filing a BELO suit, a class member must submit a Notice of Intent to Sue to the Medical Settlement Agreement Claims Administrator (the "Claims Administrator"), who must transmit the notice to BP within ten days. BP then has 30 days to decide whether to mediate the claim. If, as in the instant case, BP chooses not to mediate, the claimant must file her BELO lawsuit within six months of being notified by the Claims Administrator of BP's election not to mediate. Id. at §§ VIII(A), (C)(1), (C)(2), (G)(1)(b).

Plaintiff admits that the Claims Administrator notified her on July 13, 2018 that BP had declined mediation, which made her deadline to file a complaint six months later, on January 14, 2019. Record Doc. No. 5. She also admits that she did not attempt to file her BELO complaint until January 21, 2019, seven (7) days after the deadline.

The CMO upon which plaintiff relies governs basic procedural matters at the outset of BELO cases. The CMO permits the parties to move to dismiss an individual BELO complaint without prejudice for failure to complete the conditions precedent to filing a lawsuit. Record Doc. No. 3, CMO at ¶ IV(1)(A). BP argues that the instant action should be dismissed with prejudice because plaintiff's untimely filing of her lawsuit cannot be

3

cured by amending the complaint or granting her additional time to comply with the conditions precedent. BP asks the court to modify the CMO in this particular case, as provided in Paragraph IV(1)(D), to allow for a dismissal with prejudice. The CMO governs limited initial proceedings, principally to determine the appropriate venue in which each case should proceed, but also to ensure compliance with pre-suit filing procedures set out in the Medical Settlement Agreement. At the time it was issued, I optimistically anticipated only curable pre-filing administrative deficiencies, <u>not</u> that a plaintiff's failure would be to miss one of the absolute deadlines established in the Medical Settlement Agreement.

The clear language of the Medical Settlement Agreement emphasizes the binding and enforceable nature of the subject deadline. It mandatorily requires that "[a]ny BACK-END LITIGATION OPTION LAWSUIT against a BACK-END LITIGATION OPTION DEFENDANT **must** be filed within 6 months of . . . (a) notice by the CLAIMS ADMINISTRATOR to the MEDICAL BENEFITS SETTLEMENT CLASS MEMBER of the election of all BP defendants named in the NOTICE OF INTENT TO SUE not to mediate . . . ."

In a number of other contexts, including in the captioned underlying Multi-District Litigation ("MDL"), courts have emphasized the importance of complying with mandatory deadlines. For example, in the context of Section 1983 litigation involving significant constitutional rights issues, the United States Supreme Court has held that conforming with

exhaustion requirements similar to those in the instant matter requires "compliance with . . . deadlines and other critical procedural rules." Woodford v. Ngo, 548 U.S. 81, 90 (2006) (citing the Prison Litigation Reform Act, 42 U.S.C. § 1997e et seq.)); accord Gonzales v. Smith, 2008 WL 417735, at *2 (E.D. La. Feb. 13, 2008) ("[p]laintiff's [claim] . . . was therefore untimely because it was submitted one day too late"). As a further example, in the context of habeas corpus litigation, the United States Court of Appeals for the Fifth Circuit has held that missing the deadline to file by even one day bars a habeas petitioner's claim as untimely. See, e.g., Lookingbill v. Cockrell, 293 F.3d 256, 264 (5th Cir. 2002) (missing the deadline by even one day nevertheless renders a federal petition untimely); In re Lewis, 484 F.3d 793, 796 (5th Cir. 2007) (authorization to file a successive habeas application denied because it was filed one day too late).

In this very same MDL, Judge Barbier has consistently enforced deadlines and dismissed plaintiff's claims that were untimely filed. See e.g., Case No. 10-md-2179, Record Doc. Nos. 14113, at 1 (denying a motion requesting the court to extend the Medical Settlement Agreement deadlines for filing Proof of Claim Forms)("[t]he Settlement's terms established the deadline for filing . . . [t]he [c]ourt may not extend this deadline absent consent of both BP and Class Counsel"); 25356, at pp. 13-15 (dismissing plaintiffs' claims because they were untimely filed or not submitted at all) ("PTO 66 gave plaintiffs until July 98, 2018 (90 days) to file their Particularized Statement of Claim. . . . The following

plaintiff's B3 claims will be dismissed because their [claims] were significantly late or not submitted at all."); 24686 at p. 2 (dismissing plaintiff's claims because they did not timely respond to the court's order) ("The deadline for responding to the Show Cause Order has now passed. . . . As to those Remaining B1 Plaintiffs who were required to respond . . .but did not, the Court dismisses their B1 claims with prejudice for failing to comply. . . .).

Contrary to plaintiff's assertion, Record Doc. No. 5 at p. 2, the requirement to satisfy this condition precedent is not a mere case management tool, but is required by the court-approved Medical Settlement Agreement and is not subject to alteration. Nothing in either the Medical Settlement Agreement or the court order adopting it affords plaintiff the relief she seeks. Hartsell failed to meet the condition precedent to filing a BELO complaint by timely filing her lawsuit. Her explanation for failing to do so in her opposition memorandum is unpersuasive. No purpose would be served by dismissing this case with<u>out</u> prejudice, when its untimely filing under the Medical Settlement Agreement clearly means that the claim is barred and must be dismissed <u>with</u> prejudice. I therefore modify the CMO insofar as it applies to this particular BELO case to permit filing of this motion to dismiss <u>with</u> prejudice, pursuant to CMO ¶ IV(1)(D).

## **RECOMMENDATION**

For all the forgoing reasons, it is **RECOMMENDED** that defendant's motion be **GRANTED** and that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[1]

New Orleans, Louisiana, this ___13th___ day of March, 2019.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] Douglass referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.